# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

UNITED STATES OF AMERICA )
)
v. )
) Case No. CR414-005
LILLIE MAE EUBANK and )
CARL EVAN SWAIN )

## ORDER

The Court in this murder case granted defendant Lillie Eubank's motion for a *Jackson-Denno* hearing.[1]   Doc. 148 (motion); doc. 198 (supplemental motion); doc. 234 (Order).   At the close of that hearing, it invited Eubank's counsel to illuminate the law enforcement statements and conduct that she contends renders her statements involuntary. Eubanks had initially supported her allegations with her own affidavits but no record citation.   *See, e.g.*, doc. 187 (insisting that an interrogating agent "called her a monster, a fat ass, and cursed her repeatedly.").   She

---

[1]   The hearing was held upon defendant's contention that statements she made to law enforcement were involuntary because of coercive police activity. *Jackson v. Denno*, 378 U.S. 368, 380 (1964) ("A defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually and reliably determined."); *Colorado v. Connelly*, 479 U.S. 157, 167 (1986) (explaining that "coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary'").

later cited to *some* video passages in supplemental prehearing briefs, docs. 198 & 215, but not all, and at the hearing it seemed apparent that counsel may not have seen at least one of those videos. The Court thus invited counsel to specify (hence, transcribe) all statements *and* describe the precise conduct that rendered her statements involuntary.

Eubank has since filed a "Second Motion for Hearing" (doc. 238) and a "Third Motion to Suppress" (doc. 239), both merely laundry listing video disk segments. This is not what the Court intended. Instead, it wanted counsel to quote the offending language or describe the conduct and explain how, under the totality of the circumstances, defendant's statements were the product of coercion rather than her free and deliberate choice. That wasn't done here, and the Court will not do it for Eubanks -- thus litigate on her behalf. Within 14 days of the date this Order is served, then, she shall do precisely that, and the government shall have 11 days to respond.[2]

---

[2] At the January 21, 2015 *Jackson-Denno* hearing, Eubank's counsel orally withdrew her Second Supplemental Motion to Suppress, doc. 195, so that is **DENIED**. For docket-clearing purposes only, the October 24, 2014 motion for a leave of absence also is **DENIED**. Doc. 200.

**SO ORDERED,** this 4th day of February, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA