# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| LILLIE MAE EUBANK, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV416-054 |
| | ) | CR414-005 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Lillie Eubank moves under 28 U.S.C. § 2255 to vacate her conviction for conspiring to commit murder for hire. Doc. 370.[1] She contends that her attorney failed to properly consult with her about her appellate rights, and that she involuntarily pled guilty. *Id.* at 4. Preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings shows that her motion must be denied.

## I. BACKGROUND

Almost two years ago the Government brought a superseding indictment against Eubank for her role in the murder of her husband,

---

[1] All record cites are to the criminal docket in CR414-005 unless otherwise noted, and all page numbers cited are those imprinted by the Court's electronic docketing software.

John Eubank. Doc. 38. She ultimately pled guilty to conspiracy to commit murder for hire. Docs. 347, 362.

At sentencing, attorney William Bell represented Eubank. Doc. 358. After sentencing, he filed a Notice of Post-Conviction Consultation Certification ("Notice")[2] documenting that he: (1) "fully explained . . . the appellate process;" (2) "advised [her] about the advantages and disadvantages of pursuing an appeal;" and (3) "thoroughly inquired of [her] about [her] interest in appealing [her] conviction." Doc. 360 at 2. Eubank initialed next to the box stating that she "decided not to file an appeal, and [that Bell] ha[d] explained to [her] the consequences of failing to do so," including "the waiver of [her] right to complain about the process that led up to [her] conviction, including in the future, should [she] decide to seek any form of habeas corpus, 28 U.S.C. § 2255, or other judicial relief from conviction." *Id.* She also signed the Notice (as did

---

[2] The Notice is a document the Court developed to memorialize counsel's consultation with his client and reflect the client's decision whether to appeal. *See Guyton v. United States*, 2013 WL 1808761 at * 2 (S.D. Ga. Apr. 29, 2013) (noting that the "Notice of Counsel's Post–Conviction Obligations" requires that both counsel and client execute and file the form, thus preserving a record of defendant's instructions regarding an appeal). The signature placements on the form ensure that each party witnesses the other's signature. Eubank makes no claim that she did not sign the Notice.

Bell). *Id.* She filed no direct appeal but timely filed the instant motion. Doc. 370.

## II. ANALYSIS

In her first two § 2255 grounds Eubank attacks Bell's appeal advice. She claims he "failed to file a notice of appeal after . . . [she] asked about it, but . . . was ignored." Doc. 370 at 4. Bell also allegedly "failed to inform [her] of her right to a trial and an appeal."

The record negates those allegations, which Eubank made under penalty of perjury.[3] The Notice shows that Bell fully explained the appellate process, apprised Eubank of the advantages and disadvantages of an appeal, fully informed her of the consequences of that decision (including in § 2255 proceedings like this), and attempted diligently to ascertain her wishes. It also shows that Eubank expressly instructed him *not* to file an appeal. Doc. 360 at 2. In the face of nothing more than

---

[3] Eubank is reminded that § 2255 movants who lie to this Court may be prosecuted. *See United States v. Roberts*, 308 F.3d 1147, 1155 (11th Cir. 2002) (defendant's falsely subscribing to statement in his habeas petition that he had not previously filed a § 2255 motion was "material" for purposes of perjury prosecution; statement fooled the clerk of the court into accepting the "writ" for filing, and led the magistrate judge to consider its merits until she discovered that the "writ" was a successive § 2255 motion in disguise); *United States v. Dickerson*, No. CR608–036, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict).

self-serving conclusions, Eubank will not now be heard to declare differently. *Cf. Winthrop–Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) ("[A] prisoner has everything to gain and nothing to lose from filing a collateral attack upon his guilty plea. . . . [Consequently,] the representations of the defendant . . . constitute a formidable barrier in any subsequent collateral proceedings.") (quoting *Blackledge v. Allison*, 431 U.S. 63, 71–74 (1977)); *Rosin v. United States*, 786 F. 3d 873, 878 (11th Cir. 2015) ("It is well-settled that the district court is not required to grant an evidentiary hearing when the defendant's claims are affirmatively contradicted by the record evidence, nor is a hearing required if the claims are grounded upon generalizations that are unsupported by the record evidence.").[4]

---

[4] A similar, lost-appeal claim in *Eason v. United States*, 2014 WL 4384652 (S.D. Ga. Sept. 3, 2014) was neutralized by the same Notice, sparing counsel there from being summoned to a hearing:

> Independent grounds support denial of Ground Four of Eason's § 2255 motion, where she faults her lawyer for failing to file the direct appeal that she claims, under penalty of perjury, to have expressly requested. Doc. 39 at 8. In fact, she expressly instructed him not to file a direct appeal. Doc. 41 at 4 ("Notice of Post–Conviction Consultation Certification," a form bearing Eason's signature, memorializing her informed decision not to take an appeal).

*Eason*, 2014 WL 4384652 at * 3.

Eubank's third[5] and fourth[6] claims fall at the sword of § 2255's heightened pleading standards. Under those, her "allegations must be factual and specific, not conclusory. Conclusory allegations are simply not enough to warrant a hearing." *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (applying a heightened pleading requirement in habeas cases and noting that "[t]he evidence supporting an [IAC] claim is available following the conviction, if not before. Whatever the claim, though, the petitioner is, or should be, aware of the evidence to support the claim before bringing his petition."); *Gerwald v. United States*, 2014 WL 1681506 at * 3 n. 5 (S.D. Ga. Apr. 28, 2014). Thus, § 2255 petitioners:

> cannot simply laundry-list their claims and hope that the court will develop (hence, litigate) them on their behalf. *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (no hearing required on claims "which are based on unsupported generalizations"); *Rodriguez v. United States*, 473 F.2d 1042, 1043 (5th Cir. 1973) (no hearing required where petitioner alleged no facts to establish truth of his claims beyond bare conclusory allegations). *Jeffcoat v. Brown*, 2014 WL 1319369 at * 8 (S.D. Ga. Mar. 27, 2014); *Bartley v.*

---

[5] Ground three: "conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea." Doc. 370 at 4.

[6] Ground four: "Defense counsel failed to explain the sentencing range to me." Doc. 370 at 4.

*United States*, 2013 WL 6234694 at * 2-3 (S.D. Ga. Dec. 2, 2013) (§ 2255 claims bereft of argument and citation to the record may be denied on pleading-deficiency grounds alone); *see also Johnson v. Razdan*, [564 F. App'x 481, 484 (11th Cir. 2014)] ("Although *pro se* briefs are to be construed liberally, a pro se litigant who offers no substantive argument on an issue in his initial brief abandons that issue on appeal.").

*Kennedy v. United States*, 2016 WL 354072 at * 1 (S.D. Ga. Jan. 8, 2016), *adopted*, 2016 WL 335876 (S.D. Ga. Jan. 27, 2016).

Eubank's third claim comes nowhere near satisfying that standard because it contains nothing but legal conclusions without factual support, while claim four amounts to a one sentence accusation -- "[Bell] failed to explain the sentencing range to [her], doc. 370 at 4 -- without any additional detail. *Id.* at 5.

As noted above, it isn't the Court's responsibility to discover facts and develop claims for Eubank.

> [A]ll of these principles of law would mean nothing if district courts were required to mine the record, prospecting for facts that the habeas petitioner overlooked and could have, but did not, bring to the surface in his petition. Making district courts dig through volumes of documents and transcripts would shift the burden of sifting from petitioners to the courts. With a typically heavy caseload and always limited resources, a district court cannot be expected to do a petitioner's work for him. *Cf. Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1481 n. 12 (11th Cir. 1997) (noting in a civil case that, absent plain error, "it is not our place as an appellate court to second guess the litigants before us and grant them relief ... based on facts they did not relate."); *Johnson v. City*

*of Fort Lauderdale*, 126 F.3d 1372, 1373 (11th Cir. 1997) ("[W]e are not obligated to cull the record ourselves in search of facts not included in the statements of fact."). The Seventh Circuit memorably said that appellate judges "are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

*Chavez*, 647 F.3d at 1061 (11th Cir. 2011).

### III. CONCLUSION

Accordingly, Eubank's § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2254 Cases ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added).

**SO REPORTED AND RECOMMENDED**, this  25th  day of February, 2016.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA